UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL TRUETT,<br><br>           Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>           Defendant. | CASE NO. 3:16-CV-05496-RJB-DWC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff seeks judicial review of Defendant's denial of his application for disability insurance benefits ("DIB").

After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to evaluate the opinion of Plaintiff's treating nurse. The ALJ also erred by failing to properly evaluate the opinion of Plaintiff's examining psychologist, and by failing to find Plaintiff's diabetes was a severe impairment at Step Two of the sequential evaluation. Therefore,

the undersigned recommends this matter be reversed and remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

**PROCEDURAL & FACTUAL HISTORY**

On January 15, 2015, Plaintiff filed an application for DIB. *See* Dkt. 10, Administrative Record ("AR") 162-68. Plaintiff alleges he became disabled on March 6, 2014, due to posttraumatic stress disorder ("PTSD"), diabetes mellitus, high blood pressure, and knee problems. *See* AR 162, 184. Plaintiff's application was denied upon initial administrative review and on reconsideration. *See* AR 60, 72. A hearing was held before an ALJ on November 24, 2015, at which Plaintiff, represented by counsel, appeared and testified. *See* AR 40.

On January 4, 2016, the ALJ found Plaintiff was not disabled within the meaning of Sections 216(i) and 223(d) of the Social Security Act. AR 35. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on April 21, 2016, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1, 20 C.F.R. § 404.981, § 416.1481. On June 17, 2016, Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision.

Plaintiff argues the denial of benefits should be reversed and remanded for further proceedings, because the ALJ: 1) failed to find his diabetes mellitus to be a severe impairment at Step Two of the sequential evaluation; 2) failed to properly evaluate the opined limitations from Plaintiff's treating nurse and Plaintiff's examining psychologist; 3) improperly discounted Plaintiff's Veteran's Administration ("VA") disability rating; and 4) propounded an incomplete residual functional capacity ("RFC") finding. Dkt. 14, p. 2.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

**DISCUSSION**

I.  Whether the ALJ Erred by Failing to Consider Plaintiff's Diabetes Mellitus to be a Severe Impairment at Step Two of the Sequential Evaluation.

**A.  Standard**

At Step Two of the sequential evaluation, the ALJ must determine if a claimant has a "severe medically determinable physical or mental impairment." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2015) . *See also Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (internal citation omitted). Impairments must result "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.908 (2010). A medically determinable impairment is considered "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. §§ 404.1520(a)(4)(iii) & (c), 416.920(a)(4)(iii) & (c); *see also* SSR 96-3p, 1996 WL 374181 *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs," including, for example, "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding

1 | appropriately to supervision, co-workers and usual work situations; and dealing with changes in
2 | a routine work setting." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85- 28, 1985 WL 56856 *3.
3 |       The Step Two inquiry, however, is merely a threshold determination as to whether a
4 | claimant has raised a "prima facie case of a disability." *Hoopai v. Astrue*, 499 F.3d 1071, 1076
5 | (9th Cir. 2007). *See also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (noting the Step
6 | Two determination is a *de minimis* screening device used to dispose of groundless claims).
7 | "Ample authority cautions against a determination of nondisability at step two." *Ortiz v.*
8 | *Commissioner of Social Sec.*, 425 Fed.Appx. 653, 655 (9th Cir. 2011) (*citing Bowen v. Yuckert*,
9 | 482 U.S. 137, 153 (1987); *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005), *Smolen*, 80 F.3d
10 | at 1290. An impairment or combination of impairments may be found "not severe only if the
11 | evidence establishes a slight abnormality that has no more than a minimal effect on an
12 | individual's ability to work." *Smolen*, 80 F.3d at 1290.
13 |       **B. Application of Standard**
14 |       Here, Plaintiff's DIB application was premised, in part, on his diabetes mellitus and
15 | associated neuropathy. AR 184. However, the ALJ fails to mention Plaintiff's diabetes at all
16 | during the Step Two analysis. AR 21-23. Further, though the ALJ found Plaintiff's neuropathy
17 | was not a severe impairment due to the fact Plaintiff did not seek "more than routine treatment"
18 | for this condition, this finding is not supported by substantial evidence. Specifically, Plaintiff
19 | alleged his diabetes and associated neuropathy prevented him from climbing or walking. AR 44.
20 | The medical records reflect Plaintiff's symptoms were significant, resulting in reduced sensation
21 | (AR 398) and absent pedal pulse (AR 399) on examination, and complaints of constant burning,
22 | sharp pain in his feet (AR 344-45). Further, two state agency medical consultants opined
23 | Plaintiff's diabetes mellitus constituted a severe impairment. AR 64, 76. In light of the record,
24 |

1  the ALJ's failure to consider Plaintiff's diabetes mellitus at Step Two of the sequential

2  evaluation was error.

3        Defendant concedes the ALJ erred by failing to discuss Plaintiff's diabetes mellitus at

4  Step Two. Dkt. 18, pp. 3-4.  However, Defendant argues the ALJ's error was harmless. An error

5  is harmless if "there remains substantial evidence supporting the ALJ's decision and the error

6  does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104,

7  1115 (9th Cir. 2012) (*quoting Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1197 (9th

8  Cir. 2004)). Thus, if a claimant prevails at Step Two and the ALJ considers all impairments—

9  regardless of severity—in the subsequent steps, an ALJ's failure to consider an impairment

10  "severe" is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). *See also Orn v.*

11  *Astrue*, 495 F.3d 625, 630 (9th Cir. 2007), *Garcia v. Commissioner of Soc. Sec.*, 587 Fed.Appx.

12  367, 370 (9th Cir. 2014). Plaintiff prevailed at Step Two. AR 21. Therefore, the critical question

13  is whether the ALJ actually considered the various conditions and associated limitations in the

14  remaining steps of the sequential evaluation.

15        In this case, the ALJ considered both Plaintiff's neuropathy and diabetes mellitus at Step

16  Three of the sequential evaluation. AR 24. The ALJ also discussed Plaintiff's complaints of

17  physical limitations arising out of his neuropathy and diabetes mellitus when evaluating

18  Plaintiff's RFC. *See* AR 26-28. Because the ALJ considered Plaintiff's diabetes mellitus and

19  associated neuropathy throughout the decision, the ALJ's error in failing to consider these

20  impairments severe is, on its own, harmless. *See Lewis*, 498 F.3d at 911; *Orn*, 495 F.3d at 630;

21  *Garcia*, 587 Fed.Appx. at 370. However, as discussed in Section II, below, the ALJ committed

22  harmful errors in evaluating the medical opinion evidence. Thus, on remand, the ALJ should

23

24

reevalaute Plaintiff's medically determinable impairments and reconsider whether Plaintiff's diagnosis of diabetes mellitus and associated neuropathy are "severe" impairments at Step Two.

II.    Whether the ALJ Properly Evaluated the Medical Opinion Evidence.

**A. Standard**

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). However, "[i]n order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester,* 81 F.3d at 831). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes*, 881 F.2d at 751). In addition, the ALJ must explain why the ALJ's own interpretations, rather than those of the doctors, are correct. *Reddick*, 157 F.3d at 725 (*citing Embrey,* 849 F.2d at 421-22). The ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

### B. Application of Standard

1. *Bridget Amore, MSN*

Ms. Amore treated Plaintiff for his mental health impairments since 2014. AR 657. On December 3, 2015, Ms. Amore rendered an opinion as to Plaintiff's severe mental health impairments and their associated limitations. AR 661. Specifically, Ms. Amore diagnosed Plaintiff with PTSD and major depression. AR 657. Ms. Amore opined that, as a result of these impairments, Plaintiff would have marked limitations in his ability to: maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being distracted; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers without distracting them or exhibiting extreme behaviors; and responding appropriately to changes in the work setting. AR 660. Ms. Amore also opined Plaintiff would have moderate limitations in his ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. AR 660. Finally, Ms. Amore's opinion as to the severity of Plaintiff's limitations was consistent with the requirements of the Listings of Impairments. *See* AR 659 (finding Plaintiff was markedly limited in two out of three functional areas, and experienced repeated episodes of decompensation, each of extended duration).

Despite the fact Ms. Amore was Plaintiff's treating mental healthcare provider, and despite the fact Ms. Amore rendered an opinion as to Plaintiff's limitations, the ALJ failed to

discuss Ms. Amore's opinion at all in the written decision. Social Security regulations require an ALJ to consider all medical opinions in the record, regardless of source. 20 C.F.R. §§ 404.1520; 4.1527(b) & (c). Further, Social Security Ruling ("SSR") 06-03P explicitly states evidence from "other sources," including nurses and other medical sources who do not qualify as "acceptable medical sources," may be used "to show the severity of the individual's impairment(s) and how it affects the individual's ability to function." SSR 06-03P, *available at* 2006 WL 2329939. When the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete residual functional capacity determination." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). *See also Vincent,* 739 F.2d at 1394-95 (*quoting Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). By ignoring Ms. Amore's opinion, the ALJ failed to address medical opinion evidence suggesting Plaintiff met the requirements of a mental health listing, and was otherwise significantly impaired across a wide range of functional areas. This was harmful error requiring remand.

Defendant makes only one argument as to why the ALJ did not actually err by failing to discuss Ms. Amore's opinion. Defendant argues Ms. Amore's opinion was inconsistent with less restrictive opinions from two state agency psychological consultants. Dkt. 18, pp. 6-7. This argument is beside the point. While the opinions of the two state agency psychological consultants may be inconsistent with Ms. Amore's opinion, the ALJ did not actually offer this purported inconsistency as a reason to discount Ms. Amore's opinion.[1] This Court will not engage in a *post-hoc* rationalization in order to intuit what the ALJ might have been thinking when he declined to discuss Ms. Amore's opinion. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219,

---

[1] Because the ALJ did not offer this as a reason, the Court need not decide whether the state agency psychological consultants opinions are actually inconsistent with Ms. Amore's opinion, nor need the Court decide whether such an inconsistency would constitute a specific and legitimate reason to discount the opinion of Plaintiff's treating nurse in this instance.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 8

1225-26 (9th Cir. 2009). On remand, the ALJ may not or may not accept Ms. Amore's opinion, but he cannot disregard it through silence; the ALJ must offer at least a specific, germane reason for discounting it.

Because the ALJ failed to address Ms. Amore's opinion at all in the written decision, the ALJ committed harmful error requiring remand.

### 2. *Noah Roost, Ph.D.*

Dr. Roost examined Plaintiff for a Veteran's Administration ("VA") pension examination on October 21, 2014. AR 360. Dr. Roost diagnosed Plaintiff with PTSD and Major Depressive Disorder, moderate to severe, recurrent. AR 354. As a result of these impairments, Dr. Roost opined Plaintiff would have "severe deficits in occupational and social functioning. His temper clearly rules out positions requiring work with the general public, closely supervised work, and work requiring significant social interaction." AR 360. However, Dr. Roost also opined Plaintiff's symptoms "are not severe enough to preclude all forms of competitive full time employment." AR 360.

The ALJ gave great weight to Dr. Roost's opinion, as "it is fully supported in the record and by the claimant's statements at multiple times to VA treating sources." AR 29. However, the ALJ's RFC finding did not include a limitation precluding closely supervised work. AR 26. Plaintiff argues the ALJ's failure to include such a limitation in the RFC, despite giving great weight to Dr. Roost's opinion was harmful error, and the Court agrees.

An ALJ is not required to adopt the opinion of an examining physician or psychologist; however, in order to reject all or part of a medical opinion, an ALJ must offer at least a specific and legitimate reason for doing so. *Nguyen*, 100 F.3d at 1466 (*citing Lester,* 81 F.3d at 831). An ALJ errs by purporting to give great weight to an examining physician, yet failing to include all

of the physician's opined limitations into the RFC. *See Betts v. Colvin*, 531 Fed.Appx. 799, 800 (9th Cir. 2013) (finding the ALJ committed reversible error by purporting to give great weight to an examining physician, yet failing to include many of the physician's opined limitations in the RFC).

Here, though the ALJ acknowledged Dr. Roost opined Plaintiff was precluded from "closely supervised" work, the ALJ failed to offer any reason for excluding this aspect of Dr. Roost's opinion from Plaintiff's RFC. AR 26, 29. The ALJ's failure to incorporate this limitation into the RFC finding, or otherwise provide a specific and legitimate reason for rejecting this limitation, renders the ALJ's RFC finding incomplete and unsupported by substantial evidence. *See Hill*, 698 F.3d 1153, 1162 (9th Cir. 2012); *Betts*, 531 Fed.Appx. at 800. *See also Harris v. Astrue*, 2010 WL 816145, at *8 (W.D. Wash. Mar. 8, 2010) (holding the ALJ erred by purporting to give great weight to an examining psychologist's opinion, yet failing to include the psychologist's opined limitation that a claimant could not work with "close supervision" in the RFC).

As with the ALJ's error at Step Two, Defendant appears to concede the ALJ erred by failing to include all of Dr. Roost's opined limitations in the RFC. Dkt. 18, p. 7. However, Defendant argues any such error was harmless, as the jobs identified to by the vocational expert at Step Five do not list "taking instructions" as a significant requirement of the jobs. *Id.* (*citing Dictionary of Occupational Titles* ("DOT"), §§ 222.687-022, *available at* 1991 WL 672133; 726.687-010, *available at* 1991 WL 679633; 739.687-010, *available at* 1991 WL 680175). But, while the DOT entries cited by Defendant reflect Plaintiff may not be required to take instructions, they do not address other aspects of social interaction which are associated with "close supervision." If the ALJ's hypothetical to a vocational expert does not reflect all of a

claimant's limitations, the vocational expert's opinion has no evidentiary value. *See Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). Further, it is the Commissioner who has the burden at Step Five of demonstrating there are a significant number of jobs in the national economy a claimant is able to do, given the claimant's age, education, RFC, and past work experience. *See Bowen*, 482 U.S. at 146 n.5. *See also* 20 C.F.R. §§ 404.1520(g), 404.1594(f)(8), 416.994(b)(5)(vii); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Without additional evidence in the record which would suggest "taking instructions" is coterminous with "close supervision," or, alternatively, without evidence which would suggest the jobs identified by the vocational expert do not require "close supervision," the Court cannot conclude the ALJ's error was "inconsequential to the ultimate nondisability determination." *See Molina*, 674 F.3d at 1117.

   III.   <u>Whether the ALJ Properly Discounted the Veteran's Administration's Disability Rating.</u>

Plaintiff argues the ALJ erred by discounting his VA disability rating. An ALJ "must ordinarily give great weight to a VA determination of disability." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). An ALJ may only give less weight to a VA disability rating "if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (*citing Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)).

Here, the ALJ discounted the VA disability rating, in part, due to inconsistency between the VA disability rating and Dr. Roost's opinion. AR 32. However, as discussed above, the ALJ erred by failing to incorporate all of Dr. Roost's opined limitations in the RFC. Further, the ALJ failed to consider the medical opinion of Plaintiff's treating nurse, Ms. Amore. Thus, on remand, the ALJ should reconsider his finding discounting the VA disability rating.

IV. Whether the ALJ Erred by Finding Plaintiff was Capable of Performing Work Existing in Significant Numbers in the National Economy.

Plaintiff argues the ALJ use of the phrase "unskilled work" in the RFC led to an impermissibly vague and inaccurate RFC finding. But, assessing a claimant's RFC, an ALJ is required to consider "all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). An ALJ's failure to properly evaluate all of the medical opinion evidence may result in a flawed RFC finding. *See* SSR 96-8-p, 1996 WL 374184 at *2. As the ALJ failed to properly evaluate the medical opinion evidence the ALJ will necessarily have to re-evaluate Plaintiff's RFC on remand, and proceed on to Steps Four and Five, as appropriate.

## **CONCLUSION**

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this Report and Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 24, 2017, as noted in the caption.

Dated this 9th day of March, 2017.

David W. Christel
United States Magistrate Judge